KAREN NELSON MOORE, Circuit Judge,
dissenting.
I respectfully dissent because I believe that the district court relied on the examination report in violation of Graham-Wright’s Fifth Amendment right against self-incrimination. Because my view rests on an alternative understanding of what occurred at the district court, a full recitation of the facts is necessary.
I.
Prior to pleading guilty to sexual exploitation of a child, Graham-Wright filed an unopposed motion for the district court “to order an appropriate examination of competency and sanity” under 18 U.S.C. § 4241(a) to be performed by a private mental-health professional. R. 14 (Mot. for Exam, at 1) (Page ID # 20). At the motion hearing, Graham-Wright’s attorney requested that any reports prepared pursuant to the motion be provided to the defense only.[1] R. 60 (Mot. Hr’g at 7) (Page ID #280). In essence, Graham-Wright’s attorney argued that he had no basis without an examination either to assert that Graham-Wright was incompetent to stand trial or to raise an insanity defense. Concerned that his client might incriminate himself in an evaluation, Graham-Wright’s attorney asked that any report from the examination be given solely to the defense to determine if there were a basis to assert incompetency or insanity. If there were a basis for either, Graham-Wright would then proffer the corresponding report to the government and the court. If there were no basis, the report would remain with Graham-Wright’s counsel alone. Graham-Wright’s attorney analogized that a defense-only report would be “the same type of report that he would get if he had the money in which to hire the expert.” R. 60 (Mot. Hr’g at 7) (Page ID # 280).
The district court asked Graham-Wright’s attorney if he was seeking a defense-only report under 18 U.S.C. § 4241 or under 18 U.S.C. § 3006A. Id. Graham-Wright’s attorney responded:
[WJhether ... it’s paid for by 3006 monies or not, ... I believe ... [it’s] appropriate under ... the statute. I don’t know that the statute expressly provides that a defendant has a right to a separate defense report, but clearly the statute provides that the Court is authorized to order a report. And I think the discretion is given to the Court to determine the form of the report. And it is my interpretation of the statute that best practice would be to allow the defendant to have a report to work with himself. So I can’t point — I’ve looked through the statute as best I can from beginning to end, but I believe that’s— it’s the Court’s discretion.
Id. at 7-8 (Page ID # 280-81). Although the government encouraged the district court to adopt Graham-Wright’s proposed procedure for the handling of any report, the district court expressed concern with permitting a defense-only report under 18 U.S.C. §§ 4241 and 4242. Nonetheless, the district court gave Graham-Wright one week to file a memorandum in support of the proposed procedure.
*606 In his memorandum on the defense-only evaluation, Graham-Wright clarified that the^ “ ‘sanity’ evaluation might be more properly referenced under 18 U.S.C. § 4242,” even though Graham-Wright had “not provided notice pursuant to Federal Rule of Criminal Procedure 12.2.” R. 18 (Supplement to Mot. for Exam, at 1) (Page ID #28). Graham-Wright asserted that the basis for the district court’s discretion to authorize a defense-only report was 18 U.S.C. §§ 4241(b) and 4242(a); yet, he acknowledged that neither statute discusses whether a report can be provided to the defense alone. Graham-Wright pressed that he was “entitled to such evaluation because his discussions during the examination will impact his Fifth Amendment right against self-incrimination.” Id. at 2 (Page ID # 29).
■ The district court denied Graham-Wright’s request for a defense-only evaluation by a doctor of Graham-Wright’s choosing but granted the motion “to the extent of ordering a psychiatric examination of Defendant under 18 U.S.C. § 4241 and § 4242.” R. 20 (D. Ct. Order at 1) (Page ID #42). The district court explained that “[o]nce the question of competence to proceed is even potentially at issue, as it now is in this case, the Court has its own independent interest in a professional evaluation of Defendant.” Id. at 2 (Page ID # 43). The district court recognized with regard to the issue of sanity that although “the formal trigger for a § 4242 criminal responsibility examination has not yet occurred because the defense has not filed formal notice of an intent to assert an insanity, defense[,] ... the issue is under consideration.” Id. It went on to note that its order was “without prejudice to any request by [Graham-Wright] under 18 U.S.C. § 3006A for a psychiatric expert and assistance in evaluating and responding to the reports made under 18 U.S.C. §§ 4241-4242, if necessary.” Id. The court explained further that such an evaluation “may be done locally, with the ensuing report sent only to defense counsel, just as any other § 3006A expert.” Id. Thereafter, the district court ordered “that a psychiatric or psychological examination of defendant be conducted pursuant to 18 U.S.C. § 4241(b) and an examination on the question of sanity pursuant to 18 U.S.C. § 4242(a) and that a psychiatric report be filed in accordance with 18 U.S.C. § 4247(c).” R. 21 (D. Ct. Order of Commitment at 1) (Page ID # 44).
Graham-Wright was taken to the Metropolitan Correctional Center (“MCC”) in Chicago for an evaluation. At MCC,
[Graham-Wright] was informed the usual doctor/patient relationship would not exist. He was told the information obtained from the evaluation was not confidential and would be summarized in a written report to the Court, with copies provided to both prosecuting and defense attorneys. He was also informed that staff from MCC Chicago could be subpoenaed at a later date to testify regarding his mental status. [Graham-Wright] acknowledged and appeared to understand this information.
R. 25 (Sealed Forensic Report at 1). When asked about his case during the evaluation, Graham-Wright requested to speak with his attorney before proceeding. MCC arranged for Graham-Wright to call his attorney. After speaking with his attorney, Graham-Wright agreed to discuss details of the alleged offense. Id. at 12. MCC prepared reports on Graham-Wright’s competency and sanity (collectively “the report”), which were forwarded to Graham-Wright, the government, and the district court.
Several months after the MCC evaluation, Graham-Wright pleaded guilty, pursuant to a plea agreement, to one count of *607 sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) and (e). R. 41 (Plea Agreement) (Page ID # 93-99). Based on an offense level of forty-two and a criminal history category of I, the Presentence Investigation Report (“PSR”) calculated Graham-Wright’s Guidelines range to be 360 months to life imprisonment. However, the recommended sentence under the Guidelines became 360 months of imprisonment because the offense carried a statutory maximum term of thirty years. See 18 U.S.C. § 2251(e).
Graham-Wright did not object to the Guidelines calculation but did object to the PSR’s inclusion of portions of the report prepared by MCC. R. 48 (Objection to PSR at 1) (Page ID # 124) (“Defendant objects to Paragraphs 69 and 70 in their entirety. The inclusion of statements made by Defendant during the examination procedure violates Defendant’s Fifth Amendment right against self-incrimination. United States v. Nguyen, 962 F.Supp. 1221 (N.D.Cal.1997). The inclusion of opinions based on the statements creates the same problem. Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981).”). Graham-Wright later moved for a variance based on 18 U.S.C. § 3553(a) and elaborated further on his objection to the inclusion of portions of the report in the PSR (also clarifying that the objection was to paragraphs 69-71). R. 52 (Mot. for Variance) (Page ID # 162). Graham-Wright requested that the entire report be attached as an appendix to the PSR if the district court overruled his objection to the inclusion of paragraphs 69-71. R. 52-1 (Mem. in Support of Variance at 3) (Page ID # 165).
The district court overruled Graham-Wright’s objection to the inclusion of paragraphs 69-71 but decided that it would append the entire report to the PSR. R. 59 (Sent’g Hr’g Tr. at 9-15) (Page ID # 232-38). The district court denied Graham-Wright’s motion for a variance and imposed a sentence of 360 months of imprisonment. Id. at 34-43 (Page ID # 257-66). Relevant here, the district court noted that Graham-Wright “poses the maximum danger for recidivism” because of information contained in the report. Id. at 40 (Page ID #263). Graham-Wright timely appealed, contending that the inclusion of the report in paragraphs 69-71 of the PSR violates his Fifth Amendment right against self-incrimination and that his sentence is substantively unreasonable.
II.
In Estelle v. Smith, the Supreme Court explained:
A criminal defendant, who neither initiates a psychiatric evaluation nor attempts to introduce any psychiatric evidence, may not be compelled to respond to a psychiatrist if his statements can be used against him at a capital sentencing proceeding. Because respondent did not voluntarily consent to the pretrial psychiatric examination after being informed of his right to remain silent and the possible use of his statements, the State could not rely on what he said to Dr. Grigson to establish his future dangerousness.
451 U.S. at 468, 101 S.Ct. 1866. In Buchanan v. Kentucky, 483 U.S. 402, 107 S.Ct. 2906, 97 L.Ed.2d 336 (1987), the Court made clear that this statement from Estelle v. Smith
logically leads to another proposition: if a defendant requests such an evaluation or presents psychiatric evidence, then, at the very least, the prosecution may rebut this presentation with evidence from the reports of the examination that the defendant requested. The defendant would have no Fifth Amendment privilege against the introduction of this *608 psychiatric testimony by the prosecution.
Buchanan, 483 U.S. at 422-23, 107 S.Ct. 2906. The Court went on to hold in Buchanan that “[t]he introduction of [a psychiatric evaluation] report for this limited rebuttal purpose does not constitute a Fifth Amendment violation.” Id. at 423-24, 107 S.Ct. 2906.
The observations from Estelle v. Smith and Buchanan v. Kentucky make clear that, when a defendant neither initiates/requests an evaluation nor presents any psychiatric evidence, the defendant retains the Fifth Amendment privilege against self-incrimination. In the present case, it is undisputed that Graham-Wright did not present any psychiatric evidence. Therefore, this case turns initially on whether the evaluation was requested or initiated by Graham-Wright; if so, the prosecution may use the report for a “limited rebuttal purpose.” Buchanan, 483 U.S. at 423-24, 107 S.Ct. 2906. Although typically this determination should be straightforward, the confusion generated at the district court as to whose evaluation was ultimately conducted complicates the review of the record.
The facts before this court lead me to the conclusion that the report prepared under 18 U.S.C. § 4241 was not. initiated or requested • by Graham-Wright. Graham-Wright’s attorney requested a . defense-only evaluation by a private mental-health professional to determine whether there was a basis to assert that Graham-Wright was incompetent to stand trial or to raise an insanity defense. Although Graham-Wright’s attorney referenced 18 U.S.C. § 4241, the record makes clear that the function of Graham-Wright’s request was to receive a defense-only report and that the district court understood the request as such.[2] R. 60 (Mot. Hr’g Tr. at 7) (Page ID # 280) (“[I]t would be a defense report that I’m asking for.”); R. 18 (Supplement to Mot. for Exam, at 1^) (Page ID # 28-31); R. 20 (D. Ct. Order at 1-2) (Page ID # 42-43) (“Defendant’s Motion is DENIED to the extent it requests the examination be performed at the location of Defendant’s current detention, by a psychiatrist of Defendant’s choosing, and with disclosure of the reports to Defendant and his counsel only”). The district court denied Graham-Wright’s request for a defense-only report and, instead, ordered an evaluation under § 4241 because “[o]nce the question of competence to proceed is even potentially at issue, as it now is in this case, the Court has its own independent interest in a professional evaluation of [Graham-Wright].” R. 20 (D. Ct. Order at 2) (Page ID # 43). Thus, I believe that the evaluation was conducted pursuant to the district court’s own interest in assuring that Graham-Wright was competent, which supplanted Graham-Wright’s request for a defense-only report. See 18 U.S.C. § 4241. ' '
The rationale behind the above-quoted passages from Estelle v. Smith and Buchanan v. Kentucky buttresses my conclusion: a defendant should not be permitted to rely in court on psychiatric evidence without the prosecution being permitted to rebut such evidence. The Court has described Buchanan as holding that “if a defendant requests a psychiatric examination in order to prove a mental-status defense, he waives the right to raise a Fifth Amendment challenge to the prosecution’s use of evidence obtained through that examination to rebut the defense.” Powell v. Texas, 492 U.S. 680, 684, 109 S.Ct. 3146, 106 L.Ed.2d 551 (1989). In the present *609 case, Graham-Wright’s attorney did not “request[ ] a psychiatric examination in order to prove a mental-status defense”; instead, the examination was necessary to determine whether there was a basis for asserting incompetency or presenting a mental-status defense. Such a request does not prompt the need for rebuttal evidence under Buchanan. Simply put, Graham-Wright did not rely on psychiatric evidence, so there was nothing to rebut. Our decision in White v. Mitchell, also reflects this rebuttal-purpose rationale. 431 F.3d 517, 537 (6th Cir.2005) (“Because White initiated the psychiatric evaluation and because Dr. Sunbury’s report was used on cross-examination for purposes of rebutting Dr. Smith’s findings, the Court’s ruling in Estelle [v. Smith] was not violated.”). Because the examination was court-ordered and Graham-Wright did not rely on the evaluation to prove incompetency or a mental-status defense, no rebuttal purpose was served by including the report in Graham-Wright’s PSR.
Our inquiry under Estelle v. Smith also looks to whether Graham-Wright “voluntarily consented] to the pretrial psychiatric examination after being informed of his right to remain silent and the possible use of his statements.” 451 U.S. at 468, 101 S.Ct. 1866. The majority insists that “Graham-Wright freely submitted] to the examination” and that “his statements to the psychiatrist were voluntary.” I do not doubt that this was true; however, the evaluation was ordered to determine Graham-Wright’s competency and sanity. Estelle v. Smith underscores the importance of Miranda’s command that defendants be given “an awareness of the Fifth Amendment privilege and the consequences of forgoing it.” 451 U.S. at 467, 101 S.Ct. 1866 (emphasis added); see Gibbs v. Frank, 387 F.3d 268, 275 (3d Cir.2004). Here, Graham-Wright was not given a Miranda warning but was told that his statements “would be summarized in a written report to the Court.” R. 25 (Sealed Forensic Report at 1). Presumably Graham-Wright and his attorney understood this to mean that the report would be given to the district court to use for the very purpose that the report was ordered and prepared: to determine Graham-Wright’s competency and sanity. Thus, Graham-Wright’s submission to the examination was voluntary to the extent that it was for the purpose of determining his competency and sanity. These purposes are the consequence/possible use for which Graham-Wright was warned. Because the district court’s actual use of the report was not limited to determining Graham-Wright’s sanity and competency, its use violates Graham-Wright’s Fifth Amendment right against self-incrimination. Therefore, I dissent.

. In his brief in support of the motion, Graham-Wright requested that the examination be conducted by a doctor of his choice wherever he was housed by the United States Marshals Service at that time. R. 14-1 (Br. in Support at 2) (Page ID # 23).

. The better practice, as acknowledged by the majority, would have been to request an expert under 18 U.S.C. § 3006A without reference to § 4241.